[No. 35379-2-II.   Division Two.   October 14, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ADRIAN PEREZ, SR., *Appellant.*

_____

*Manek R. Mistry* (of *Backlund & Mistry*), for appellant.

*Juelie B. Dalzell, Prosecuting Attorney*, and *Katherine S. Gulmert, Deputy*, for respondent.

¶1 ARMSTRONG, J. — In our initial opinion in this case, we remanded to the trial court to make a critical factual finding underlying Adrian Perez, Sr.'s, motion to suppress below, but retained jurisdiction to enter a final decision after the trial court filed its finding. *State v. Perez*, noted at 143 Wn. App. 1017, 2008 WL 497426, at *5, 2008 Wash. App. LEXIS 459. Specifically, we instructed the trial court to determine whether the officers who sought a search

warrant for the trunk of Perez's car would have done so if they had not already learned of the truck's contents by an illegal search. *Perez*, 2008 WL 497426, at *5, 2008 Wash. App. LEXIS 459. The trial court has since found, upon stipulation by the State, that the officers had no intent to seek a warrant before they conducted the illegal "inventory search" of Perez's trunk. Findings of Trial Ct. (June 30, 2008). Because such an intent is foundational to the State's reliance on the independent source rule,[1] we have no choice but to conclude that the trial court erred in denying Perez's motion to suppress. We reverse the conviction and remand for further proceedings consistent with this opinion.

HOUGHTON, J., concurs.

¶2 QUINN-BRINTNALL, J. (dissenting) — For the reasons stated in *State v. Perez*, noted at 143 Wn. App. 1017, 2008 WL 497426, 2008 Wash. App. LEXIS 459, I respectfully dissent. The officer's subjective opinion is irrelevant.

---

[1] *See Murray v. United States*, 487 U.S. 533, 542-43, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988); *State v. Gaines*, 154 Wn.2d 711, 721, 116 P.3d 993 (2005); *State v. Spring*, 128 Wn. App. 398, 403, 115 P.3d 1052 (2005), *review denied*, 156 Wn.2d 1032 (2006).